**In re the A.C. WILLIAMS COMPANY, Ravenna Industries, Inc., Miami Foundry Corporation, Debtors.**

**Bankruptcy Nos. 581–409 to 581–411.**

United States Bankruptcy Court, N.D. Ohio.

March 20, 1986.

D. Patrick Mullarkey, Chief Civil Trial Sec., U.S. Dept. of Justice, Tax Div., Robin Greenhouse, U.S. Dept. of Justice, Washington, D.C., for U.S.

David Hunter, Brouse & McDowell, L.P.A., Akron, Ohio, for debtors.

## FINDING AS TO CLAIM ALLOWANCE

HAROLD F. WHITE, Bankruptcy Judge.

On January 16, 1986 a hearing was held based upon the motion filed by the United States of America for an order allowing an administrative expense claim filed by the Internal Revenue Service against the debtors on August 23, 1983.

All parties were represented at the hearing and the court, after hearing the testimony and considering the evidence, makes the following Finding of Facts and Law.

## FINDING OF FACTS

1. The debtors, A.C. Williams Company, Ravenna Industries, Inc., and Miami Foundry Corporation, filed petitions for relief under Chapter 11 of the Bankruptcy Code on March 10, 1981.

2. The debtors' proceedings were consolidated by the bankruptcy court.

3. The debtor, Ravenna Industries, Inc., sponsored the Lectromelt Casting Pension Plan.

4. Ravenna Industries, Inc. (Ravenna) was required to file with the Internal Revenue Service, no later than July 31, 1981, an Annual Report (Form 5500) for the pension plan year ending December 31, 1980. In addition, if a funding deficiency for the 1980 plan year existed and had not been corrected by July 31, 1981, Ravenna was required to file a Federal Excise Tax return and pay a 5 percent excise tax on the amount of the funding deficiency.

5. On or about December 15, 1981, Ravenna filed with the Internal Revenue Service the Annual Report for the pension plan year ending December 31, 1980.

6. Ravenna indicated on the Annual Report that there was a funding deficiency in the amount of $77,475.

7. Ravenna did not file a Federal Excise Tax return for the plan year ending December 31, 1980, nor did it submit payment for the 5 percent excise tax imposed by 26 U.S.C., section 4971(a) for the $77,475 funding deficiency.

8. Ravenna requested that the Internal Revenue Service waive assessing the 100 percent excise tax under 26 U.S.C., section 4971(b), for its failure to cure the funding deficiency.

9. By letter dated June 26, 1982, the Internal Revenue Service notified Ravenna that it would waive making the 100 percent excise tax assessment.

10. By order entered November 5, 1982, the court set November 29, 1982, as the last day for filing proofs of claim for preconfirmation liabilities incurred by the debtors.

11. On November 22, 1982, Ravenna filed with the Internal Revenue Service a Federal Excise Tax return for the pension plan year ending December 31, 1981.

12. The return stated a funding deficiency of $135,481.

13. Ravenna failed to submit payment with the return.

14. The funding deficiency in the amount of $135,481 represents a deficiency for the plan year ending December 31, 1980 in the amount of $77,475 and a deficiency of $58,006 for the plan year ending December 31, 1981.

15. On November 22, 1982, the Internal Revenue Service assessed against Ravenna the 5 percent excise tax in the amount of $6,774.05.

16. On November 22, 1982, the Internal Revenue Service sent notice of assessment and demand for payment to Ravenna relative to the assessment specified in paragraph 15 above.

17. On August 23, 1983, the Internal Revenue Service filed Form 6338–A, Request for Payment of Internal Revenue Taxes (Bankruptcy Code Cases—Administrative Expenses), requesting payment of the assessment referred to in paragraph 15 above, in the amount of $5,969.94 plus statutory interest from the date of filing the request for payment.

18. By letter dated October 18, 1983, the Internal Revenue Service notified Ravenna that the administrative claim referred to above had not been paid within the time period set forth in its Chapter 11 plan.

19. By letter dated October 26, 1983, Ravenna by its attorney informed the Internal Revenue Service that it did not consider the claim filed by the Internal Revenue Service to be an administrative claim.

20. On August 7, 1985, the United States filed a motion for an order allowing the administrative claim filed by the Internal Revenue Service against the debtor, Ravenna Industries, Inc., on August 23, 1983, in the amount of $7,969.94, plus statutory interest from the date of filing the request for payment.

ISSUE

Whether that portion of the Internal Revenue's claim which represents a 5 percent excise tax on the pension plan funding deficiency for the plan year ending December 31, 1980 should be allowed as an administrative claim.

LAW

Based upon the Findings of this court it is clear that the excise tax return, form No. 5300, was due and was to be paid within seven months of the last day of the plan year. Therefore, the liability became due and owing on July 31, 1981. Accordingly, this portion of the payment requested by the Internal Revenue Service is a post-petition administrative expense.

Further, that portion of the Internal Revenue's claim which represents a five percent excise tax on the pension plan for the plan year ending December 31, 1981 is a post-petition expense since the liability became due and owing on July 31, 1982. Therefore, the Internal Revenue's request for payment is not barred by this court's order of November 5, 1982 which set November 29, 1982 as the last day for filing claims for expenses incurred prior to the confirmation of the Chapter 11 plan as the debtor failed to file the federal excise tax return with the Internal Revenue Service until November 22, 1982. Certainly the debtor was aware of its own actions.

Therefore, in accordance with the findings of the court (see Findings 17 and 20) the United States Government is entitled to payment of its claim in the amount of $7,969.94, plus statutory interest from the date of the filing of the request for payment made on August 23, 1983.